UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA VENTURES LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>TRINITY UNIVERSAL INSURANCE COMPANY,<br><br>  Defendant. | Case No. 2:26-cv-03661-SB-SSC<br><br><br>ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION |

Plaintiff Mara Ventures LLC filed the complaint in state court on February 6, 2026. Defendant filed a notice of removal on April 6, 2026. Dkt. No. 1.

Federal courts have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A removing defendant invoking diversity jurisdiction is generally required to "affirmatively allege the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

1

Defendant removed on the basis of diversity.  Defendant is a Texas corporation, and Plaintiff is a limited liability company.  In its notice of removal, Defendant correctly acknowledges that the citizenship of a limited liability company is determined by the citizenship of each of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The notice of removal conclusorily states that "[a]t the time of filing the Superior Court Action, now, and at all relevant times, all of [Plaintiff's] members have been residents and citizens of the State of California," citing to Exhibit E of the supporting declaration.  Dkt. No. 1 ¶ 6.  That exhibit is a California Secretary of State filing from Plaintiff that lists in the "Manager or Member Name" box only Mara Real Estate, Inc., with a California address.  Dkt. No. 1-6 at 2 of 3.  It is not clear from the document whether Mara Real Estate, Inc. is Plaintiff's manager or a member, nor does the filing contain sufficient information to determine Mara Real Estate, Inc.'s citizenship (i.e. its principal place of business and state of incorporation).  Moreover, the notice of removal's reference to Plaintiff's "members" in the plural suggests that Defendant is aware of other members.  The notice of removal itself does not identify any of Plaintiff's members by name.  This record is insufficient for the Court to determine that diversity is complete.

Accordingly, Defendant is ORDERED to show cause, in writing, by no later than May 1, 2026, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties.  *Failure to timely comply will result in remand*.

Date: April 21, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

2